UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JORDAN JAMES COLFAX,<br><br>   Defendant. | CASE NO. CR16-5642 BHS<br><br>ORDER |

This matter is before the Court on Defendant Jordan Colfax's Motion to Modify Lifelong Protection Order, Dkt. 96.

In September 2017, the Court sentenced Colfax to 63 months of imprisonment and 20 years of supervised release following his guilty plea to one count of abusive sexual contact. Dkts. 46, 84, 85. The victim of Colfax's conduct is his niece, M.C. Dkt. 65 at 3.

Colfax moves the Court to "modify [his] lifelong protection order" by removing any condition prohibiting him from having contact with his father. Dkt. 96 at 1. This Court has not entered a lifelong protection order in this case. Colfax's motion appears to concern a protection order that was entered by a commissioner of the King County Superior Court and that expires in 2099. *See* Dkt. 98-1. Colfax's stepmother petitioned

ORDER - 1

for that order, which prohibits Colfax from, among other things, engaging in certain conduct directed toward his father and being within 100 feet of the residence of his father and stepmother. Colfax has separately moved the King County Superior Court to modify that order to allow him to have contact with his father. Dkt. 98-2.

Although this Court never entered a lifelong protection order in this case, it did impose the following special condition of supervision in Colfax's judgment:

> The defendant shall have no direct or indirect contact with the victim MC, or any members of MC's family, by any means, including in person, by mail, electronic means, or via third parties, without the approval of the probation officer. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the probation officer, within one business day.

Dkt. 85 at 5.

Both the Government and the Probation Office interpret the phase "any member of MC's family" to include Colfax's father. *See* Dkt. 98; Dkt. 99 at 2. They also both oppose Colfax's motion to modify this condition to allow Colfax to have contact with his father. Dkt. 98 at 1, 3; Dkt. 99 at 2–3. The Government contends that Colfax's "motion is silent regarding whether [his] father would welcome contact with his son." Dkt. 98 at 3. The Government also asserts that M.C. resides with Colfax's father and stepmother and that its "victim/witness coordinator . . . learned from [Colfax's stepmother] that she and Colfax's father do not want contact with Colfax, and thus, will oppose his motion" in King County Superior Court. *Id.* at 2. The Government finally argues that the issue of whether Colfax should be allowed to have contact with his father "is a matter best addressed in King County Superior Court" because "Colfax's stepmother, and essentially

his father too, are parties to those proceedings and can explain to that court why [they] are opposed to" Colfax having contact with his father. *Id.* at 3.

The Probation Office agrees that the issue of whether Colfax should be allowed to have contact with his father should be addressed first by the King County Superior Court. Dkt. 99 at 3. It also claims that the condition prohibiting Colfax from having contact with his father is necessary to protect "the mental and physical well being of the victim and her family members." *Id.* at 2.

The Court declines to modify Colfax's conditions of release at this time. Colfax fails to demonstrate that his request is embraced by his father. He also does not propose any reasonable plan for how he might interact with his father outside of his father's residence and outside the presence of M.C. Finally, the Court does not yet know the outcome of Colfax's motion to modify the protection order entered by the King County Superior Court. Under these circumstances, the Court concludes that it is not appropriate to modify Colfax's conditions of supervision to allow him to have contact with his father.

Therefore, it is hereby **ORDERED** that Colfax's motion, Dkt. 96, is **DENIED without prejudice**. If warranted by new circumstances, Colfax may renew his motion.

Dated this 7th day of July, 2023.

BENJAMIN H. SETTLE
United States District Judge